| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lynda T. Bui, Trustee<br>3550 Vine Street, Suite 210<br>Riverside, California 92507<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: trustee.bui@shulmanbastian.com<br><br><br>Chapter 7 Trustee appearing without attorney<br><br>☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>CHRISTOPHER ROBERTS,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-13982-SY<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br><br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING THE SALE OF FOUR PARCELS OF LAND PURSUANT TO BANKRUPTCY CODE § 363(b)(1); AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF<br><br>*(Specify name of Motion)* |
| | DATE: 01/08/2026<br>TIME: 9:30 am<br>COURTROOM: 302<br>PLACE: United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

1. TO (*specify name*):  Honorable Scott H. Yun, United States Bankruptcy Judge and all interested parties

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9013-1.1.HEARING.NOTICE**

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  12/18/2025

_____
Printed name of law firm


/s/ Lynda T. Bui
_____
Signature


Lynda T. Bui
_____
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9013-1.1.HEARING.NOTICE**

Lynda T. Bui, Trustee
3550 Vine Street, Suite 210
Riverside, California  92507
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:        trustee.bui@shulmanbastian.com

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.  6:25-bk-13982-SY |
| **CHRISTOPHER ROBERTS,** | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING THE SALE OF FOUR PARCELS OF LAND PURSUANT TO BANKRUPTCY CODE § 363(b)(1); AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF** |
| | Date: January 8, 2026<br>Time: 9:30 a.m.<br>Ctrm: 302<br>Place: United States Bankruptcy Court<br>     3420 Twelfth Street<br>     Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND CREDITORS, AND OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

Lynda T. Bui ("Trustee"), the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate ("Estate") of Christopher Roberts ("Debtor"), brings this *Motion for Order Approving the Sale of Four Parcels of Land Pursuant to Bankruptcy Code § 363(b)(1)* ("Sale Motion") and respectfully represents the below.

///

///

///

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

1

23465-000

## I.    INTRODUCTION

The Trustee has received an offer from Intercoastal Financial, LLC ("Buyer") to purchase 4 parcels of land, APN:(1) 011-404-014-000;(2) 008-531-031-000;(3) 008-531-000 and (4) 009-103-009-000 (collectively, "Parcels") for $10,000 ("Purchase Price").

The proposed sale of the Parcels shall be subject to overbids in the Bankruptcy Case in order to ensure that the Estate receives the highest and best possible return. Any potential bidder must submit an initial overbid of at least $2,000 above the Purchase Price, for a total minimum bid of $12,000, with subsequent minimum bid increments of $1,000. Subject to Court approval, the Trustee shall have sole discretion to determine the procedures for bidding and to select the overbid that represents the highest and best offer for the benefit of the Estate. The Trustee believes that this overbidding procedure is fair, reasonable, and designed to maximize recovery for the Estate and its creditors.

Through the sale, the Trustee is expected to generate net proceeds of approximately $10,000 for the benefit of the Estate and its creditors. In the event the Purchase Price is increased by a successful overbid, the estimated net proceeds will increase and the Estate will receive additional funds to distribute to unsecured creditors. In summary, the Trustee believes that good cause exists to grant the Sale Motion so the Trustee does not lose this favorable business opportunity.

## II.    RELEVANT FACTS

The Debtor filed for Chapter 7 bankruptcy on June 14, 2025 (DK 1). As of the date of this Sale Motion, the Court's Claims Register reflects 7 claims filed in the aggregate amount of $42,446.78 consisting of $2,246.39 in priority unsecured claims and $40,200.39 as general unsecured claims. The Debtor's Schedules reflect a $2,534.00 priority unsecured claims and $106,117.00 general unsecured claims.

The Trustee desires to sell, and Buyer desires to purchase the Parcels pursuant to the terms and conditions of the Assets Purchase Agreement. A true and correct copy of the Asset Purchase Agreement is attached to the Declaration of Lynda T. Bui as **Exhibit 1**.

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

2

23465-000

# III.    ARGUMENT

**A.    There is a Good Business Reason for the Sale and the Sale is in the Best Interest of the Estate.**

The Trustee has the fiduciary duty to administer assets. Bankruptcy Code §704 provides in relevant part as follows:

> (a) The trustee shall—
>     (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

11 U.S.C. §704(a).  Further, the Trustee, after notice and hearing, may sell property of the estate.  11 U.S.C. § 363(b).  Courts ordinarily will approve a proposed sale if there is a good business reason for the sale and the sale is in the best interests of the estate.  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983).

The Trustee believes, in the exercise of her sound business judgment, the sale of the Parcels at this time is in the best interest of the Estate. The Parcels are not only undeveloped and non-income producing, but also burden the Estate with recurring expenses such as property taxes and potential liability related to continued ownership of the Parcels. Without the sale, the Estate would have to continue bearing these costs for an uncertain period of time or until such time as it becomes clear that the Parcels are burdensome to the Estate and should be abandoned.

In evaluating the sale, the Trustee reviewed, searched and compared with the public records and concluded that the offered purchase price is fair and consistent with market value, especially because the sale is subject to overbids.

A prompt sale will also avoid potential risk of ownership and maximize the cash value of the Estate to create a net return to unsecured creditors. Accordingly, there is a compelling business reason for the proposed sale and the Trustee therefore seeks to sell the Parcels while the market remains favorable and while a qualified buyer is ready and willing to close.

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

3

23465-000

1    Pursuant to Local Bankruptcy Rule 6004-1(g), once the sale closes, the Trustee will

2    file with the Court a *Report of Sale* which details the sale terms approved and the identity

3    of the buyer.

4    **B.    <u>The Sale is Made in Good Faith.</u>**

5    A purchaser of property is protected from the effects of reversal on appeal of the

6    authorization to sell or lease as long as the Court finds the purchaser acted in good faith

7    and the appellant fails to obtain a stay of the sale. *See*, Bankruptcy Code Section 363(m).

8    The Trustee was initially contacted by George Bechakas ("<u>Mr. Bechakas</u>"), who

9    reached out on behalf of Panorama Asset Recovery, LLC, a New York limited liability

10    company ("<u>Panorama</u>") with its principal place of business in Williamsville, New York. After

11    a couple of rounds of good faith negotiations, Mr. Bechakas agreed to the set purchase

12    price on behalf of the Buyer. The Buyer, Intercoastal Financial, LLC, is a limited liability

13    company organized and existing under the laws of the State of Florida, with its principal

14    business address at Clearwater, Florida. Neither Panorama nor the Buyer is related to,

15    affiliated with, or controlled by the Debtor, who resides in the State of California, and there

16    is no insider or familial relationship between them that the Trustee is aware of.

17    According to public record, Buyer is an independent investment firm that specializes

18    in acquiring and managing bankruptcy estate assets in a commercially reasonable and

19    transparent manner. The transaction between the Trustee and the Buyer has been

20    negotiated in good faith. The Buyer has also acted in good faith within the meaning of 11

21    U.S.C. § 363(m) and is entitled to the protections afforded thereby.

22    **C.    <u>The Proposed Sale Should be Allowed Free and Clear of Liens</u>**

23    Bankruptcy Code Section 363(f) allows a trustee to sell property of the estate "free

24    and clear of any interest in such property of an entity" under certain conditions. Section

25    363(f)(3) permits a sale free and clear of such interests if "the price at which such property

26    is to be sold is greater than the aggregate value of all liens on such property." 11 U.S.C. §

27    363(f)(3).

28

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

4

23465-000

In this case, there are no liens or mortgages on the Parcels and, therefore, no corresponding secured creditors. Accordingly, the Court has authority to approve the sale of the Parcels free and clear under Bankruptcy Code § 363(f)(3), as the sale price exceeds the value of any interests in the property.

**D.    The Court has the Authority to Waive the Fourteen-Day Stay of Sale.**

Federal Rule of Bankruptcy Procedure 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. Rule Bankr. P. 6004(h). The Trustee desires to close the sale of the Parcels as soon as practicable after entry of an order approving the sale.  Accordingly, the Trustee requests that the Court, in the discretion provided it under Federal Rule of Bankruptcy Procedure 6004(h), waive the fourteen-day stay requirement.

## IV.    CONCLUSION

Based upon the foregoing, the Trustee respectfully submits that good cause exists for granting the Sale Motion and requests that the Court enter an order which provides as follows:

1.    Authorizing the Trustee to sell the Parcels to Intercoastal Financial, LLC, a Florida limited liability company, subject to overbids at the time of the hearing. The sale shall be without any warranties, representations or contingencies, free and clear of liens, claims and interests of third parties, with such liens, claims and interests to attach to the sale proceeds pending further Court order.

2.    Authorize the Trustee to execute any and all documents to effectuate the sale of the Parcels as proposed in the Sale Motion.

3.    For such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: December 18, 2025          _/s/ Lynda T. Bui_
                                                    Lynda T. Bui
                                                    Chapter 7 Trustee for the bankruptcy estate of
                                                    Christoper Roberts

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

5

23465-000

## <u>DECLARATION OF LYNDA T. BUI</u>

I, Lynda T. Bui, declare and state as follows:

1.    I am the Chapter 7 trustee for the bankruptcy estate of *In re Christopher Roberts* ("Debtor"), Case No. 6:25-bk-13982-SY.  I have personal knowledge of the facts set forth in this Declaration and could, if called as a witness, competently testify thereto.

2.    I am familiar with the Debtor's bankruptcy proceeding and make this Declaration in support of my *Motion for Order Approving the Sale of Four Parcels of Land Pursuant to Bankruptcy Code § 363(b)(1)* ("<u>Sale Motion</u>").   All capitalized terms not otherwise defined herein shall have the meaning set forth in the Sale Motion.

3.    On September 19, 2025, George Bechakas ("<u>Mr. Bechakas</u>") from Panorama Asset Recovery, LLC emailed me, introducing he represents a company that consistently purchases bankruptcy estate assets for cash in bankruptcy proceedings. I asked him if he was interested in purchasing 4 parcels of land which have the following APN:(1) 011-404-014-000;(2)  008-531-031-000;(3)  008-531-000  and  (4) 009-103-009-000 (collectively, "<u>Parcels</u>")

4.    On September 29, 2025, Mr. Bechakas offered to purchase the Parcels for $5,000, on behalf of Intercoastal Financial, LLC, a limited liability company organized and existing under the laws of the State of Florida ("<u>Buyer</u>").

5.    On October 2, 2025, after discussions and my counter, Mr. Bechakas agreed to increase the purchase price to $10,000 and indicated that the purchase would be made through Buyer. The purchase is "as is where is" with no representation or warranties and free and clear of any liens and encumbrances.

6.    TA true and correct copy of the fully executed Asset Purchase Agreement is attached hereto as **Exhibit 1**.

7.    Attached as **Exhibit 2** are the legal descriptions of the Parcels.

///

///

///

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

6

23465-000

8.    Pursuant to Local Bankruptcy Rule 6004-1(g), once the sale closes, I will file with the Court a *Report of Sale* which details the sale terms approved and the identity of the buyer. I will also sign the Trustee's Deed of Sale for the Parcels.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

EXECUTED on December 18, 2025, at Irvine, California.

*/s/ Lynda T. Bui*
Lynda T. Bui

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

7

23465-000

Exhibit 1                                    Page 8

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("**Agreement**") is entered into by and between Lynda T. Bui, the Chapter 7 Trustee ("**Trustee**" or "**Seller**") for the bankruptcy estate of Christoper Roberts ("**Debtor**"), on the one hand, and Intercoastal Financial, LLC or its assignee ("**Buyer**"), on the other hand.  The Trustee and the Buyer are collectively referred to as the "Parties".

## RECITALS

A.     The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on 06/14/2025 ("**Petition Date**") in the United States Bankruptcy Court, Central District of California, Riverside Division, initiating Case No. 6:25-bk-13982-SY ("**Bankruptcy Case**").

B.     Lynda T. Bui is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtor's Estate.

C.     The last day to file claims in the case is 12/23/2025. Government claims are due 12/11/2025. As of the date of this Agreement, the Court's Claims Register reflects 3 claims filed in the aggregate amount of $28,178.03 as general unsecured claims.  The Debtor's Schedules reflect a $2,534.00 priority unsecured claims and $106,117.00 general unsecured claims.

D.     According to Schedule A/B, the Estate has 4 parcels of land. the Assessor Parcel Numbers are:(1) 011-404-014-000;(2) 008-531-031-000;(3) 008-531-000 and (4) 009-103-009-000 ( collectively, "**Parcels**"). See Part 1 on Schedule A/B.

E.     The Trustee desires to sell, and Buyer desires to purchase the Parcels pursuant to the terms and conditions of this Agreement.

NOW THEREFORE, in consideration of the covenants contained herein and intending to be legally bound hereby, the parties hereby agree as follows:

## AGREEMENT

NOW, THEREFORE, after extensive, good-faith, arm's-length negotiations, in consideration of the foregoing Recitals, the covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, and each intending to be legally bound hereby, the Parties stipulate and agree as follows:

1.1     Incorporation of Recitals.  Subject to this Agreement and the conditions stated herein, the foregoing Recitals in their entirety are incorporated herein by this reference.

1.2     Purchase and Sale of Parcels .  Upon the terms and subject to the conditions of this Agreement, at the Closing, Seller shall sell, assign, transfer, convey and deliver to Buyer the Parcels free and clear of all liens, claims, encumbrances and interests, and Buyer shall purchase the Parcels "as is where is" from Seller.

1.3     Parcels .  The Assessor Parcel Numbers of the Parcels to be sold pursuant to this Agreement are:(1) 011-404-014-000;(2) 008-531-031-000;(3) 008-531-000 and (4) 009-103-009-000. Attached as Exhibit 1 to this Agreement are the tax accessor's invoices identifying the Parcels.

1.4     Purchase Price.  The purchase price ("**Purchase Price**") shall be $10,000. The Purchase Price shall be made in immediately available funds in the form of either a money order or cashier's check payable to the order of "*Lynda T. Bui, Trustee for the Estate of Christoper Roberts, Case No. 6:25-bk-13982-SY*" and delivered within five calendar days after the date of entry of the Court order approving this Agreement to the Trustee's office located at 3550 Vine Street, Suite 201, Riverside, CA 92507.

1.5     Free and Clear of Liens.  The sale of the Parcels  to the Buyer shall be free and clear of all liens, claims, encumbrances, and interests of the Estate, and its creditors and interest holders.

1.6     Good Faith Finding.  The Seller shall seek a finding pursuant to 11 U.S.C. §363(m) that Buyer is a good faith purchaser.

1.7     Subject to Overbid.  The sale of the Parcels shall be subject to overbids in the Bankruptcy Case. Potential bidders must bid an initial amount of at least $2,000 over the Purchase Price, or $12,000. Minimum bid increments thereafter shall be $1,000. Subject to approval of the Court, the Trustee shall have sole discretion in determining (i) the other procedures to be utilized for bidding, (ii) which overbid is the best for the Estate.

1.8     Conditions to Effectiveness.  This Agreement shall become effective upon the Parties mutual execution and delivery of this Agreement (the "**Effective Date**").  This Agreement shall terminate in the event of the failure of the conditions set forth in this section and as otherwise provided for in this Agreement.

1.9     Bankruptcy Court Approval.  Promptly after the Effective Date, the Trustee shall file a motion with the Bankruptcy Court seeking approval of this Agreement and any transactions contemplated herein (the "**Approval Motion**").

1.10    Subject to Bankruptcy Court Approval. The effectiveness of this Agreement is expressly conditioned upon entry of an order, consistent with the terms of this Agreement, by the Bankruptcy Court approving this Agreement in its entirety (the "**Approval Order**"), and such order becoming a "**Final Order**".  The Approval Order will be considered final Final Order if (a) the Approval Order has been entered without an

objection to the Approval Motion; or (b) the Approval Order has been entered notwithstanding an objection of the Approval Motion, but no notice of Appeal is filed prior to the expiration of the time for the filing of a notice of appeal pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure; or (c) the Approval Order has been entered notwithstanding an objection to the Approval Motion and a notice of appeal is filed prior to the expiration of the time for the filing of a notice of appeal pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, but the Approval Order is not stayed pending appeal; or (d) the Approval Order has been entered notwithstanding an objection to the Approval Motion, an appeal is filed prior to the expiration of the time for the filing of a notice of appeal pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, and the Approval Order is stayed pending appeal, but the Approval Order is affirmed or the stay is lifted without the Approval Order being modified, revoked, reversed, remanded, set aside or vacated, and all other or further appeals or requests for reconsideration have been fully and finally exhausted.

1.11    <u>Closing</u>. The date of the transactions contemplated herein shall take place 10 days following the Approval Order becoming the Final Order (the "**Closing Date**") or at such other date as the parties mutually agreed upon.  Upon Closing, the Seller will provide the Buyer with the Bankruptcy Trustee's Deed transferring title in the Parcels to the Buyer.

1.12    <u>Representations</u>.  Except as expressly provided in this Agreement, each of the Parties represents, warrants and covenants that it has full power and authority to execute this Agreement and any related documents and that it has obtained all necessary approvals, consents and authorizations required for it to execute and deliver this Agreement and any related documents.  Each Party executing this Agreement on behalf of a Party has been duly authorized and empowered to execute and deliver this Agreement on behalf of said Party.

1.13    <u>As-Is Where-Is Sale</u>.  Buyer has entered into this Agreement with the intention of making and relying upon its own investigation of the physical, environmental, economic, and legal condition of the Parcels  and that Buyer is not relying upon any statements, information, reports, representations, or warranties made by Seller, or anyone acting or claiming to act on Seller's behalf concerning the Parcels.  Buyer will purchase the Parcels in their "as is", "where-is" and "with-all faults" condition on the closing date without any warranties, whether express or implied (including the implied warranties of merchantability and fitness for a particular purpose) and assumes the risk that adverse physical, environmental, economic, or legal conditions may not have been revealed by its investigation. Buyer acknowledges that Buyer has investigated the value of the Parcels, and upon Bankruptcy Court approval of this Agreement, Buyer forever waives, for itself, and its successors and assigns, any and all claims against the Estate and the Seller, both as Trustee and individually, and her attorneys, agents, and employees, arising or which might otherwise arise in the future concerning the Parcels.

1.14    <u>Trustee's Liability</u>:  Buyer acknowledges that the Trustee is acting in her official capacity only.  No personal liability shall be sought or enforced against the Trustee with regard to this Agreement or the Parcels.  In the event that Trustee fails or refuses to complete the transaction for any reason, then the limit of Trustee's liability is only to

immediately upon demand return any money paid to the Trustee by the Buyer, without deduction.  All other liability of the Trustee, or her agents or attorneys, is hereby released.  Prior to the closing of sale the Bankruptcy Court shall have and retain the sole and exclusive jurisdiction over the Parcels that is the subject of this transaction and Agreement; and all disputes arising before and after closing shall be resolved in the Bankruptcy Court.

1.15   <u>Payment of Taxes</u>.   Any transfer, documentary, sales, use, stamp, registration, and other such taxes, and all conveyance fees, recording charges, and other fees and charges (including any penalties and interest) incurred in connection with the consummation of the transactions contemplated by this Agreement (collectively, the "**Transfer Taxes**") shall be borne by Buyer.  Seller and Buyer shall use commercially reasonable efforts and cooperate in good faith to exempt the sale and transfer of the Parcels from any Transfer Taxes, including under Section 1146(a) of the Bankruptcy Code.   Buyer will, at its own expense, file all necessary tax returns and other documentation with respect to all Transfer Taxes, and, if required by applicable law, the Parties will join in the execution of any such tax returns and other documentation.  Seller shall cooperate with Buyer and provide all information reasonably requested by Buyer to file all tax returns and other documentation respect to all Transfer Taxes.

1.16   <u>Good-Faith Cooperation; Further Assurances</u>.  The Parties shall cooperate with each other in good faith in respect of matters concerning the implementation and consummation of this Agreement.  At any time, at the request of any of the Parties, the Party which has been requested, shall, at its own cost, execute all such documents and take such steps and do all such acts or things as may be reasonably required for the purpose of giving effect to the provisions of this Agreement, and, in particular, to ensure that its terms are binding on or enforceable against each of the Parties in any relevant jurisdiction.

1.17   <u>Entire Agreement</u>.   This Agreement constitutes the entire agreement between the Parties relating to the subject matter hereof, and supersedes all prior and contemporaneous negotiations or agreements, oral or written, between the parties hereto with respect to all or any part of the subject matter hereof, which negotiations or agreements shall be of no further force or effect.  It is expressly understood and agreed by the Parties that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each Party or the authorized representatives of each of the Parties.

1.18   <u>Binding on Successors and Assigns</u>.   This Agreement shall be binding upon and shall inure to the benefit of the Parties and their legal representatives, predecessors, successors and assigns.

1.19   <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement. Additionally, signature pages delivered by facsimile or via electronic mail in portable document format (.pdf) shall be deemed original.

1.20    <u>Cooperative Drafting</u>.  In any construction or interpretation to be made of this Agreement, the same shall not be construed or interpreted against any one Party on the basis that such Party was the drafter.

1.21    <u>Costs and Expenses</u>.  Each Party shall bear all of their respective costs and expenses, including attorneys' fees, incurred in connection with the preparation, negotiation, and execution of this Agreement and the Bankruptcy Case.

1.22    <u>Attorneys' Fees</u>.  In the event that a Party files an action or proceeding to enforce or interpret or for breach of this Agreement, the prevailing Party shall be entitled to recover their costs and reasonable attorneys' fees.

1.23    <u>Amendment or Modification</u>.  The Agreement may be amended only by a signed writing executed by the Parties, which writing also may be executed and delivered by electronic means; no oral modification of any term of the Agreement shall be effective for any purpose.

1.24    <u>Choice of Law</u>.  This Agreement is to be governed by and construed in accordance with the Bankruptcy Code, to the extent applicable, and where state law is implicated, the law of the State of California shall govern.  The Bankruptcy Court shall retain exclusive jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising under or related to this Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the applicable local rules and guidelines for the United States Bankruptcy Court for the Central District of California.

1.25    <u>Miscellaneous</u>.

(a)    The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit or aid in the construction or interpretation of any term or provision hereof.

(b)    Wherever in this Agreement the context so requires, reference to the neuter, masculine or feminine shall be deemed to include each of the other, and reference to either the singular or the plural shall be deemed to include the other.

(c)    Use of the term "including" in this Agreement shall be interpreted to be non-exclusive and to mean "including without limitation."

(d)    Except as explicitly set forth herein, this Agreement shall not affect the rights and claims of any Party against any person or entity not a party to this Agreement.

///
///
///

IN WITNESS WHEREOF, the Parties have executed this Agreement on the day and year noted below.

**SELLER**

Date:  December 16, 2025          By:  _____

Lynda T. Bui, Chapter 7 Trustee for the
bankruptcy estate of Christoper Roberts

**BUYER**
Intercoastal Financial, LLC

Date:  December ___, 2025          By:  _See Next Page_____

George Bechakas
Its Managing Member

6

Page 14

IN WITNESS WHEREOF, the Parties have executed this Agreement on the day and year noted below.

**SELLER**

Date:  December 16, 2025

By:  _See Previous Page_

Lynda T. Bui, Chapter 7 Trustee for the bankruptcy estate of Christoper Roberts

**BUYER**
Intercoastal Financial, LLC

Date:  December 17, 2025

By:  _____

George Bechakas
Its Managing Member

**EXHIBIT 1**
**Tax Accessors' Invoices**

IMPERIAL COUNTY TAX COLLECTOR
940 WEST MAIN STREET, #106
EL CENTRO, CA 92243
(442) 265-1270

**SECURED PROPERTY TAX STATEMENT**
FOR THE FISCAL YEAR JULY 1, 2024 TO JUNE 30, 2025

| ASSESSMENT NUMBER | ASSESSEE ON JANUARY 1, 2024 |
|---|---|
| 008-531-031-000 | ROBERTS CHRISTOPHER |

**PROPERTY ADDRESS / DESCRIPTION**

1374 ARCTIC AVE

**MAIL TO:**

3-M300757

ROBERTS CHRISTOPHER
PO BOX 5188
SALTON CITY CA 92275

| ASSESSED VALUE | |
|---|---|
| LAND | 4,673 |
| NET TOTAL | 4,673 |

**IMPORTANT MESSAGES**
Original bill date 08/22/2024
Office Hours 9:00am-5:00pm

**TAX RATE AREA**     CORTAC SUBSCRIBER / LOAN NUMBER

082-005

| PHONE | TAXING ENTITY | TAX RATE | AGENCY TAX |
|---|---|---|---|
| | CVWD GENERAL - BONDS | 0.110000 | 5.14 |
| | CV UNIF SCH BOND | 0.110000 | 5.14 |
| | CV DESERT COM COL BD | 0.039500 | 1.84 |
| (760) 391-9600 | CVWD #11 STANDBY CHG | DIRECT CHARGE | 23.00 |
| (442) 265-1888 | MOSQUITO ABATE SER FEE | DIRECT CHARGE | 7.74 |

| TAXING ENTITY | TAX RATE | NET TAX |
|---|---|---|
| 1 PERCENT FULL VALUE | 1.000000 | 46.72 |

| TOTAL SPECIAL | $42.86 |
|---|---|

| NET TAX DUE ▶ | $89.58 |
|---|---|

| **1ST** INSTALLMENT ▶ | $44.79 |
|---|---|
| ADD 10% PENALTY AFTER DECEMBER 10, 2024 | |

| **2ND** INSTALLMENT ▶ | $44.79 |
|---|---|
| ADD 10% PENALTY AND $10.00 COST AFTER APRIL 10, 2025 | |

Page 17

IMPERIAL COUNTY TAX COLLECTOR
940 WEST MAIN STREET, #106
EL CENTRO, CA 92243
(442) 265-1270

**SECURED PROPERTY TAX STATEMENT**
FOR THE FISCAL YEAR JULY 1, 2024 TO JUNE 30, 2025

| ASSESSMENT NUMBER | ASSESSEE ON JANUARY 1, 2024 |
|---|---|
| 009-103-009-000 | ROBERTS CHRISTOPHER |

**PROPERTY ADDRESS / DESCRIPTION**

2613 DOLPHIN DR

| ASSESSED VALUE | |
|---|---|
| LAND | 11,919 |
| NET TOTAL | 11,919 |

**MAIL TO:**

3-M300757

ROBERTS CHRISTOPHER
PO BOX 5188
SALTON CITY CA 92275

**IMPORTANT MESSAGES**

Original bill date 08/22/2024
Office Hours 9:00am-5:00pm

| TAX RATE AREA | CORTAC SUBSCRIBER / LOAN NUMBER |
|---|---|
| 082-003 | |

| PHONE | TAXING ENTITY | TAX RATE | AGENCY TAX |
|---|---|---|---|
| | CVWD GENERAL - BONDS | 0.110000 | 13.10 |
| | CV UNIF SCH BOND | 0.110000 | 13.10 |
| | CV DESERT COM COL BD | 0.039500 | 4.70 |
| (760) 394-4446 | SALTON COMMUNITY SEWER | DIRECT CHARGE | 17.84 |
| (760) 391-9600 | CVWD #11 STANDBY CHG | DIRECT CHARGE | 23.00 |
| (760) 394-4446 | SALTON COM SVC SWR CHG | DIRECT CHARGE | 21.00 |
| (442) 265-1888 | MOSQUITO ABATE SER FEE | DIRECT CHARGE | 7.74 |

| TAXING ENTITY | TAX RATE | NET TAX |
|---|---|---|
| 1 PERCENT FULL VALUE | 1.000000 | 119.18 |

| TOTAL SPECIAL | $100.48 |
|---|---|

| NET TAX DUE ▶ | $219.66 |
|---|---|

**1ST** INSTALLMENT ▶
ADD 10% PENALTY
AFTER DECEMBER 10, 2024

$109.83

**2ND** INSTALLMENT ▶
ADD 10% PENALTY
AND $10.00 COST
AFTER APRIL 10, 2025

$109.83

IMPERIAL COUNTY TAX COLLECTOR
940 WEST MAIN STREET, #106
EL CENTRO, CA 92243
(442) 265-1270

# SECURED PROPERTY TAX STATEMENT
### FOR THE FISCAL YEAR JULY 1, 2024 TO JUNE 30, 2025

| ASSESSMENT NUMBER | ASSESSEE ON JANUARY 1, 2024 |
|---|---|
| 009-161-012-000 | ROBERTS CHRISTOPHER |

**PROPERTY ADDRESS / DESCRIPTION**

2602 DOLPHIN DR

MAIL TO:

3-M300757

ROBERTS CHRISTOPHER
PO BOX 5188
SALTON CITY CA 92275

| ASSESSED VALUE | |
|---|---|
| LAND | 10,605 |
| NET TOTAL | 10,605 |

**IMPORTANT MESSAGES**

Original bill date 08/22/2024
Office Hours 9:00am-5:00pm

**TAX RATE AREA**    CORTAC SUBSCRIBER / LOAN NUMBER

082-003

| PHONE | TAXING ENTITY | TAX RATE | AGENCY TAX |
|---|---|---|---|
| | CVWD GENERAL - BONDS | 0.110000 | 11.66 |
| | CV UNIF SCH BOND | 0.110000 | 11.66 |
| | CV DESERT COM COL BD | 0.039500 | 4.18 |
| (760) 394-4446 | SALTON COMMUNITY SEWER | DIRECT CHARGE | 17.84 |
| (760) 391-9600 | CVWD #11 STANDBY CHG | DIRECT CHARGE | 23.00 |
| (760) 394-4446 | SALTON COM SVC SWR CHG | DIRECT CHARGE | 21.00 |
| (442) 265-1888 | MOSQUITO ABATE SER FEE | DIRECT CHARGE | 7.74 |

| TAXING ENTITY | TAX RATE | NET TAX |
|---|---|---|
| 1 PERCENT FULL VALUE | 1.000000 | 106.04 |

**TOTAL SPECIAL**    $97.08

**NET TAX DUE ▶**    $203.12

| **1ST** INSTALLMENT ▶ | $101.56 | **2ND** INSTALLMENT ▶ | $101.56 |
|---|---|---|---|
| ADD 10% PENALTY AFTER DECEMBER 10, 2024 | | ADD 10% PENALTY AND $10.00 COST AFTER APRIL 10, 2025 | |

IMPERIAL COUNTY TREASURER-TAX COLLECTOR
940 WEST MAIN STREET, #106
EL CENTRO, CA 92243
(442) 265-1270

**2024-2025 SECURED PROPERTY TAX STATEMENT**
FOR THE FISCAL YEAR JULY 1, 2024 TO JUNE 30, 2025

| ASSESSMENT NUMBER | ASSESSEE ON JANUARY 1, 2024 |
|---|---|
| 011-404-014-000 | ROBERTS CHRISTOPHER & FOELL LLOYD |

**PROPERTY ADDRESS / DESCRIPTION**

2280 OPAL ST

| ASSESSED VALUE | |
|---|---|
| LAND | 2,842 |
| NET TOTAL | 2,842 |

**MAIL TO:**

1-0016626
000058
000003

*************5-DIGIT 92275
ROBERTS CHRISTOPHER & FOELL LLOYD
PO BOX 5188
SALTON CITY CA 92275

**IMPORTANT MESSAGES**
Original bill date 08/22/2024
Office Hours 9:00am-5:00pm

| TAX RATE AREA | CORTAC SUBSCRIBER / LOAN NUMBER |
|---|---|
| 082-003 | |

| PHONE | TAXING ENTITY | TAX RATE | AGENCY TAX |
|---|---|---|---|
| | CVWD GENERAL - BONDS | 0.110000 | 3.12 |
| | CV UNIF SCH BOND | 0.110000 | 3.12 |
| | CV DESERT COM COL BD | 0.039500 | 1.12 |
| (760) 394-4446 | SALTON COMMUNITY SEWER | DIRECT CHARGE | 17.84 |
| (760) 391-9600 | CVWD #11 STANDBY CHG | DIRECT CHARGE | 23.00 |
| (760) 394-4446 | SALTON COM SVC SWR CHG | DIRECT CHARGE | 21.00 |
| (442) 265-1888 | MOSQUITO ABATE SER FEE | DIRECT CHARGE | 7.74 |

| TAXING ENTITY | TAX RATE | NET TAX |
|---|---|---|
| 1 PERCENT FULL VALUE | 1.000000 | 28.42 |

| TOTAL SPECIAL | $76.94 |
|---|---|

| NET TAX DUE ▶ | $105.36 |
|---|---|

| **1ST** INSTALLMENT ▶ | $52.68 |
|---|---|
| ADD 10% PENALTY AFTER DECEMBER 10, 2024 | |

| **2ND** INSTALLMENT ▶ | $52.68 |
|---|---|
| ADD 10% PENALTY AND $10.00 COST AFTER APRIL 10, 2025 | |

EXHBIT 2

# <u>LEGAL DESCRIPTION</u>

**The land referred to herein is situated in the State of California, County of Imperial, City of Salton City and described as follows:**

Lot 36, Block 17, Tract 553, in the City of Salton City, in the County of Imperial, State of California, according to Map on fileAugust 19, 1958,  in <u>Book 4, Page(s) 61</u>, of Final Maps, Records of Imperial County, California.

Excepting all underground water in, under or flowing through said land and water rights appurtenant thereto, reserved by Salton Riviera, Inc., by deed recorded August 19, 1958 in <u>Book 1002, Page(s) 442</u> of Official Records.

FOR INFORMATIONAL PURPOSES ONLY:  APN:  011-404-014-000

(End of Legal Description)

<u>MAP</u>

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Imperial Unincorporated Area and described as follows:**

Lot 2, Block 10, Tract 716, in the County of Imperial, State of California, according to Map on file in Book 9, Page 8 of Final Maps in the Office of the County Recorder of Imperial County.

FOR INFORMATIONAL PURPOSES ONLY:  APN:  008-531-031-000

(End of Legal Description)

MAP

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Imperial Unincorporated Area and described as follows:**

Lot 5, Block 3, Tract 547 according to Map recorded in Book 6, Page 13 of Maps, on file in the Office of the County Recorder of Imperial County.

FOR INFORMATIONAL PURPOSES ONLY:  APN:  009-161-012-000

(End of Legal Description)

MAP

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of Imperial Unincorporated Area and described as follows:**

Lot 30 in Block 4 in Tract No. 549, in the County of Imperial, State of California, according to Map on file in Book 5, Page 42 of Final Maps in the Office of the County Recorder of Imperial County.

Excepting therefrom all oil, gas, oil shale, coal, phosphate, sodium, gold, silver, and all other mineral deposits, all uranium, thorium, or any other material which or may be determined to be peculiarly essential to the production of fissionable materials, whether or not of commercial value; and further reserving the right to drill for and extract such deposits of oil and gas, or gas, and to prospect for, mine, and remove such deposits of other materials, as reserved by the State of California in patent recorded February 19, 1957 as Instrument no. 37 in Book 832, Page 409 of Official Records.

Also excepting therefrom all underground water in, under, or flowing through said land and water rights appurtenant thereto, as reserved by Salton Riviera, Inc., in grant deed recorded November 5, 1958 as Instrument No. 44 in Book 1008, Page 41 of Official Records.

FOR INFORMATIONAL PURPOSES ONLY:  APN:  009-103-009-000

(End of Legal Description)

MAP

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3550 Vine Street, Ste. 210, Riverside, CA 92507**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING THE SALE OF FOUR PARCELS OF LAND PURSUANT TO BANKRUPTCY CODE § 363(b)(1); AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) December 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 18, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 18, 2025 | **Tonia Wooten** | ***/s/ Tonia Wooten*** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 3550 Vine St., Ste. 210, Riverside, CA 92507

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 Chapter 7 Trustee's Motion for Order Approving the Sale of Four Parcels of Land Pursuant to Bankruptcy Code
 § 363(b)(1); and Declaration of Lynda T. Bui in Support Thereof
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/18/2025   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  12/18/2025  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/18/2025 | Tonia Wooten | /s/ Tonia Wooten |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION** (if needed):

1.**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Lynda T. Bui (TR)**    trustee.bui@shulmanbastian.com, C115@ecfcbis.com
- **Katie E Hankard**    bknotices@zwickerpc.com, bknotices@zwickerpc.com
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

**Buyer**
Intercoastal Financial, LLC
Attn: George Bechakas
7954 Transit Rd. #144
Williamsville, NY 14221

**Judge Copy**
Hon. Scott H. Yun
United States Bankruptcy Judge
3420 Twelfth Street, Ste. 345
Riverside, CA 92501

☒        Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-6
Case 6:25-bk-13982-SY
Central District of California
Riverside
Thu Dec 18 13:32:50 PST 2025

American Express National Bank c/o Zwicker &
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-0943

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

-

Alliant Credit Union
PO Box 66945
Chicago, IL 60666-0945

American Express
PO Box 650448
Dallas, TX 75265-0448

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Chase Card Services
PO Box 15298
Wilmington, DE 19850-5298

Citibank
PO Box 6500
Sioux Falls, SD 57117-6500

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Fifth Third Bank
5050 Kingsley Dr
Cincinnati, OH 45227-1115

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

PNC Bank
PO Box 71335
Cleveland, OH 44191-0535

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(

-

‡
-

Christopher Roberts
2681 King Place
Thermal, CA 92274-8184

(

-

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
PO Box 30943
Salt Lake Cty, UT 84130-0943

End of Label Matrix
Mailable recipients    22
Bypassed recipients     0
Total                  22